**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch**

Civil Action No. 07-cv-00541-RPM

NICK ROGERS,
AL ARCHULETA,
WILFRED BELIVEAU,
HARRY BLOODWORTH,
TIMOTHY DELSORDO,
CORY DUNAHUE,
RUSSELL DYMOND, JR.,
ROBERT FREUND,
MICHAEL GABRIELE,
PAUL GOFF,
ALEXANDER M. GOLSTON,
JEFFREY MARTINEZ,
MICHAEL MOSCO,
PHILLIP NEWTON, and
ANDREW RAMIREZ, et. al.,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a Colorado Municipal Corporation,

      Defendant.

## ORDER APPROVING SETTLEMENT

Upon Motion by Plaintiffs, and this Court being duly advised on the matter, this Court makes the following findings:

      1.    Nothing in the text of the Fair Labor Standards Act or the regulations promulgated by the Department of Labor pursuant to the FLSA specifies the process by which proposed settlements of FLSA collective actions should be considered. In lieu of clear guidance under the FLSA, a general consideration of the traditional factors used to evaluate settlement of Rule 23 class actions is appropriate to assist the Court in finding that the instant settlement is a "fair and reasonable" resolution of a bona fide dispute over the FLSA overtime provisions. Those factors include the following:

(1) Whether the proposed settlement was fairly and honestly negotiated;

(2) Whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) Whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) Whether the parties agree that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–1188 (10th Cir. 2002).

2. This Court finds that the settlement proposed in this matter was fairly and honestly negotiated. The parties were adequately represented during the settlement process by experienced counsel, and the settlement discussions occurred after the completion of discovery and a lengthy, dispositive motions process.

3. This Court finds that serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt. Questions exist as to whether the uncompensated time claimed by Plaintiffs is non-compensable under the *de minimis* rule. Furthermore, there is no Tenth Circuit precedent on several of Plaintiffs' claims.

4. This Court finds that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. This Court anticipates that the conclusion of the trial and damages process in this case would be lengthy, and might result in appeals by either or both of Plaintiffs and Defendant. Without a settlement, it could be many years before this matter is finally resolved.

5. This Court finds that the judgment of the parties is that the settlement is fair and reasonable. More than 98% of the 852 Plaintiffs have approved of the settlement through the execution of releases. The Denver City Council has informally approved of the settlement

agreement, and the Mayor of the City of Denver has supported the settlement agreement.  In addition, Plaintiffs' four attorneys and Defendant's three attorneys also support the settlement agreement.

For these reasons, it is hereby ORDERED as follows:

1. The settlement agreement reached by the parties is hereby approved.

2. The settlement agreement calls for additional Plaintiffs to be allowed to join the lawsuit. Eligible additional Plaintiffs will have an opportunity to join this lawsuit during the 60-day period commencing with the date of this Order.

3. Should any current Plaintiff not agree with the settlement within 60 days after the date of this Order, Plaintiffs' counsel shall provide notice to such Plaintiffs that they must either accept the settlement or pursue their individual claims within the following 45 days.  Any claim held by a non-settling current Plaintiff which is not brought before this Court within 105 days from the date of this Order, will be deemed waived and barred.

4. Counsel shall electronically file all releases signed by the original Plaintiffs.  Within one week of the conclusion of the 60-day period in which new Plaintiffs may join the suit, counsel must electronically file all consent forms and releases signed by the new Plaintiffs.

5. Except to the extent that non-settling Plaintiffs have given proper notice that they intend to pursue their claims, this case, and the claims of all settling and additional Plaintiffs, shall be dismissed 105 days from the date of this Order.

IT IS SO ORDERED.

DATED:   January 31, 2012

BY THE COURT:

s/Richard P. Matsch
_____
RICHARD P. MATSCH, Senior District Judge

APPROVED BY:

*/s/ Robert Wolf*         */s/ David L. Worstell*
Robert Wolf, Denver City Attorney   David L. Worstell, Attorney for Plaintiffs